MARK CHARLES BOWMAN, SBN 143948
KEVIN J. BERRETH, SBN 236759
BOWMAN & BERRETH
1820 W. Kettleman Lane, Suite F
Lodi, CA 95242
Tel: (209) 369-1767; Fax: (209) 334-6045
Email:     mark@bowmanberreth.com
                  kevin@bowmanberreth.com

Attorneys for Plaintiff, Kimberlea Rea

CARLA J. FELDMAN, SBN 119864
MATTHEW S. MENZIE SBN 211404
STANLEY G. STRINGFELLOW II, SBN 259047
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Tel: (213) 629-7400; Fax. (213) 629-7401
Email:     carla.feldman@arentfox.com
                  matthew.menzie@arentfox.com
                  stanley.stringfellow@arentfox.com

Attorneys for Defendants, Michael Paugh and
The Salvation Army

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLEA REA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>THE SALVATION ARMY, et al.,<br><br>                    Defendants. | CASE NO. 1:13-CV-01486-LJO-BAM<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>JUDGE:  Hon. Barbara A. McCauliffe |

**STIPULATED PROTECTIVE ORDER**

BOWMAN & BERRETH
1820 W   KETTLEMAN LN, STE
F
L O D I ,  C A  9 5 2 4 2
Phone (209) 367-1767
Fax (209) 334-6045

AFDOCS/10945622.2

Plaintiff Kimberlea Rea ("Plaintiff"), and defendants The Salvation Army ("TSA") and Michael Paugh ("Paugh") (collectively, "Defendants") (together with Plaintiff, the "Parties"), by and through their respective counsel of record, hereby stipulate and agree to the entry of the following protective order:

The Court recognizes that some of the documents and information ("materials") being sought through discovery in the above-captioned action are kept confidential by the parties due to privacy rights, proprietary and trade secret information, freedom of association and religion, financial or business sensitivity and privileges or protections including the ministerial exception, spousal communications privilege, attorney-client privilege, attorney work product doctrine and clergy, psychotherapist, physician and counselor privileges.  To facilitate the production or disclosure of such materials during discovery for use limited to this action, the Parties have agreed to be bound by the terms of this Protective Order ("Order"), without conceding that any materials must be produced because they are subject to this Order, or that production of materials subject to this Order waives any privilege or protection or objection to admissibility at trial or any hearing or proceeding.

The materials to be exchanged throughout the course of the litigation between the Parties may contain confidential information as is contemplated by Federal Rule of Civil Procedure 26(c). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

DEFINITIONS

1.     The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, and transcripts of depositions, including data, summaries, and

BOWMAN & BERRETH
1820 W   KETTLEMAN LN, STE
F
L O D I ,  C A   9 5 2 4 2
Phone (209) 367-1767
Fax (209) 334-6045

2
**STIPULATED PROTECTIVE ORDER**

AFDOCS/10945622.2

compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2.     The term "materials" includes, but is not limited to: documents; correspondence (including email); memoranda; lists or other material that might identify current, former or potential customers, employees, officers, ministers, volunteers, beneficiaries, clients, counselors, cadets, consultants, board members, donors, affiliates, associates, members, congregants, or recipients of funds, goods, services or counseling; minutes; statements; checks; contracts; invoices; drafts; books of account; notes of conversations; calendars; desk diaries; appointment books; financial accounts and records; church or religious records; recordings; photographs; videos or motion pictures; compilations from which information can be obtained and translated into reasonably usable form; sketches; drawings; notes; reports; investigation records or documents; personnel or disciplinary files, records or documents; documents or correspondence subject to the ministerial exception, spousal communications privilege, attorney client privilege, attorney work product doctrine or clergy or psychotherapist privileges; other writings; and other physical objects.

3.     The term "counsel" will mean the above-captioned and undersigned counsel of record for each party to this action, and other attorneys, paralegals, secretaries, and other support staff employed by, or contracted to work for, either of their law firms. Counsel also includes in-house attorneys for Defendant The Salvation Army and their support staff.

<u>GENERAL RULES</u>

4.     Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, deposition testimony, and transcripts of depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as

BOWMAN & BERRETH
1820 W   KETTLEMAN LN, STE
F
L O D I , C A  9 5 2 4 2
Phone (209) 367-1767
Fax (209) 334-6045

AFDOCS/10945622.2

1  "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," and/or may

2  redact such materials, with any disputes regarding such redactions being subject to

3  the Court's and Magistrate's rules and procedures for meeting and conferring and

4  resolving discovery disputes.

5        a.      Designation as "CONFIDENTIAL": Any party may designate

6  information as "CONFIDENTIAL" only if, in the good faith belief of such party

7  and its counsel, the unrestricted disclosure of such information could be potentially

8  prejudicial or damaging to the business or operations of such party or the

9  Constitutional rights of any person or entity.

10        b.      Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any

11  party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY"

12  only if, in the good faith belief of such party and its counsel, the information is

13  among that considered to be most sensitive by the party, including but not limited to

14  trade secret or other confidential financial, commercial, medical or extremely

15  private information.

16        5.      In the event the producing party elects to produce materials for

17  inspection, no marking need be made by the producing party in advance of the

18  initial inspection. For purposes of the initial inspection, all materials produced will

19  be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be

20  treated as such pursuant to the terms of this Order. Thereafter, upon selection of

21  specified materials for copying by the inspecting party, the producing party must,

22  within a reasonable time prior to producing those materials to the inspecting party,

23  mark the copies of those materials that contain Confidential Information with the

24  appropriate confidentiality marking.

25        6.      Whenever a deposition taken on behalf of any party involves a

26  disclosure of Confidential Information or materials of any party:

27

28

BOWMAN & BERRETH
1820 W  KETTLEMAN LN, STE
F
L O D I , C A  9 5 2 4 2
Phone (209) 367-1767
Fax (209) 334-6045

4
**STIPULATED PROTECTIVE ORDER**

AFDOCS/10945622.2

a.   the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

b.   the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Parties, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

c.   the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal in accordance with applicable rules and procedures, identified as being subject to this Order, and protected from being opened except by order of this Court.

7.   All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and

BOWMAN & BERRETH
1820 W   KETTLEMAN LN, STE
F
L O D I ,  C A  9 5 2 4 2
Phone (209) 367-1767
Fax (209) 334-6045

AFDOCS/10945622.2

1  must be handled in the manner set forth below and, in any event, must not be used

2  for any purpose other than in connection with this litigation, unless and until such

3  designation is removed either by agreement of the parties, or by order of the Court.

4      8.    Information designated "CONFIDENTIAL - FOR COUNSEL ONLY"

5  must be viewed only by counsel (as defined in paragraph 3) of the receiving party,

6  and by independent experts under the conditions set forth in this Paragraph. The

7  right of any independent expert to receive any Confidential Information will be

8  subject to the advance approval of such expert by the producing party or by

9  permission of the Court. The party seeking approval of an independent expert must

10  provide the producing party with the name and curriculum vitae of the proposed

11  independent expert, and an executed copy of the form attached to the Stipulation as

12  Exhibit A, in advance of providing any Confidential Information of the producing

13  party to the expert. Any objection by the producing party to an independent expert

14  receiving Confidential Information must be made in writing within fourteen (14)

15  days following receipt of the identification of the proposed expert. Confidential

16  Information may be disclosed to an independent expert if the fourteen (14) day

17  period has passed and no objection has been made. The approval of independent

18  experts must not be unreasonably withheld.

19      9.    Information designated "CONFIDENTIAL" must be viewed only by

20  counsel (as defined in paragraph 3) of the receiving party, by independent experts

21  (pursuant to the terms of paragraph 8), and by the additional individuals listed

22  below, provided each such individual has read this Order in advance of disclosure

23  and has agreed in writing to be bound by its terms:

24      (a)    Executives who are required to participate in decisions with

25      reference to this action;

26  / / /

27  / / /

28

BOWMAN & BERRETH
1820 W  KETTLEMAN LN, STE
E
L O D I , C A  9 5 2 4 2
Phone (209) 367-1767
Fax (209) 334-6045

**STIPULATED PROTECTIVE ORDER**

AFDOCS/10945622.2

(b)     Technical personnel of the parties with whom Counsel for the

parties find it necessary to consult, in the discretion of such

counsel, in preparation for trial of this action; and

(c)     Stenographic and clerical employees associated with the

individuals identified above.

10.     With respect to material designated "CONFIDENTIAL" or

"CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of

the document to be its originator, author or a recipient of a copy of the document,

may be shown the same.

11.     All information which has been designated as "CONFIDENTIAL" or

"CONFIDENTIAL - FOR COUNSEL ONLY" by the producing or disclosing

party, and any and all reproductions of that information, must be retained in the

custody of the counsel for the receiving party identified in paragraph 3, except that

independent experts authorized to view such information under the terms of this

Order may retain custody of copies such as are necessary for their participation in

this litigation.

12.     Before any materials produced in discovery, answers to interrogatories,

responses to requests for admissions, deposition transcripts, or other documents

which are designated as Confidential Information are filed with the Court for any

purpose, the party seeking to file such material must seek permission of the Court to

file the material under seal in accordance with applicable Court rules and

procedures.

13.     At any stage of these proceedings, any party may object to a

designation of the materials as Confidential Information. The party objecting to

confidentiality must notify, in writing, counsel for the designating party of the

objected-to materials and the grounds for the objection. If the dispute is not

resolved consensually between the parties within seven (7) days of receipt of such a

**STIPULATED PROTECTIVE ORDER**

BOWMAN & BERRETH
1820 W  KETTLEMAN LN, STE
F
L O D I ,  C A  9 5 2 4 2
Phone (209) 367-1767
Fax (209) 334-6045

AFDOCS/10945622.2

1  notice of objections, the objecting party may move the Court for a ruling on the

2  objection. The materials at issue must be treated as Confidential Information, as

3  designated by the designating party, until the Court has ruled on the objection or the

4  matter has been otherwise resolved.

5        14.    All Confidential Information must be held in confidence by those

6  inspecting or receiving it, and must be used only for purposes of this action.

7  Counsel for each party, and each person receiving Confidential Information, must

8  take reasonable precautions to prevent the unauthorized or inadvertent disclosure of

9  such information. If Confidential Information is disclosed to any person other than a

10  person authorized by this Order, the party responsible for the unauthorized

11  disclosure must immediately bring all pertinent facts relating to the unauthorized

12  disclosure to the attention of the other parties and, without prejudice to any rights

13  and remedies of the other parties, make every effort to prevent further disclosure by

14  the party and by the person(s) receiving the unauthorized disclosure.

15        15.    No party will be responsible to another party for disclosure of

16  Confidential Information under this Order if the information in question is not

17  labeled or otherwise identified as such in accordance with this Order unless the

18  information is, on its face, privileged or confidential as defined by current law.

19        16.    If a party, through inadvertence, produces any Confidential

20  Information without labeling or marking or otherwise designating it as such in

21  accordance with this Order, the designating party may give written notice to the

22  receiving party that the document or thing produced is deemed Confidential

23  Information, and that the document or thing produced should be treated as such in

24  accordance with that designation under this Order. The receiving party must treat

25  the materials as confidential, once the designating party so notifies the receiving

26  party. If the receiving party has disclosed the materials before receiving the

27  designation, the receiving party must notify the designating party in writing of each

28

BOWMAN & BERRETH
1820 W  KETTLEMAN LN, STE
F
L O D I , C A   9 5 2 4 2
Phone (209) 367-1767
Fax (209) 334-6045

8
**STIPULATED PROTECTIVE ORDER**

AFDOCS/10945622.2

such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

17.     Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18.     Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

19.     This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20.     Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

21.     Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will

**STIPULATED PROTECTIVE ORDER**

BOWMAN & BERRETH
1820 W  KETTLEMAN LN, STE
F
L O D I , C A  9 5 2 4 2
Phone (209) 367-1767
Fax (209) 334-6045

AFDOCS/10945622.2

continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22.    The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

23.    The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

24.    Transmission by facsimile  and / or email is acceptable for all notification purposes within this Order.

25.    This Order may be modified by agreement of the parties, subject to approval by the Court.

26.    The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

/ / /

/ / /

**STIPULATED PROTECTIVE ORDER**

AFDOCS/10945622.2

BOWMAN & BERRETH
1820 W  KETTLEMAN LN, STE
F
L O D I , C A  9 5 2 4 2
Phone (209) 367-1767
Fax (209) 334-6045

27.     This Order does not affect any trial in this action.  Any Party desiring a protective order affecting any trial must follow applicable Court rules and procedures for obtaining such an order.

Respectfully submitted,              **BOWMAN & BERRETH**

DATED: May 16, 2014              By: /S/ Mark Bowman (authorized 5/16/14)__
                                 Mark Charles Bowman, Attorneys for
                                 Plaintiff, Kimberlea Rea

**ARENT FOX LLP**

DATED: May 16, 2014              By: /S/ Carla J. Feldman_____
                                 Carla J. Feldman, Attorneys for
                                 Defendants, The Salvation Army and
                                 Michael Paugh

<u>**ORDER**</u>

Based on the Stipulation of the Parties (Doc. 17), the Court enters the above Stipulated Protective Order.
IT IS SO ORDERED.

Dated:   **May 19, 2014**          __/s/ Barbara A. McAuliffe__
                                 UNITED STATES MAGISTRATE JUDGE

**STIPULATED PROTECTIVE ORDER**

AFDOCS/10945622.2

BOWMAN & BERRETH
1820 W   KETTLEMAN LN, STE
F
L O D I , C A   9 5 2 4 2
Phone (209) 367-1767
Fax (209) 334-6045